# 1 8 5 9 .

## COUNTY OF AROOSTOOK.

THOMAS HOWE & als., *Petitioners, versus* COMMISSIONERS OF AROOSTOOK COUNTY.

The proceedings of the County Commissioners, under the Revised Statutes of 1841, c. 25, § 44, in laying out a road over unorganized lands, and over a number of townships, must show at whose expense such road is laid out over any one of the townships; whether at the expense of the proprietors of such township, or of the county, or partly at the expense of each; nor is it competent for the Commissioners to order that one of such townships shall pay the expenses of opening and making such road through other townships.

The Commissioners must also decide whether, in their opinion, a township over which such road is laid would be enhanced in value thereby, and they must assess upon each tract, which they consider to be enhanced in value, such sum as in their opinion would be proportionate to the value and benefits likely to result from the establishment of such road.

PETITION FOR CERTIORARI, and to quash the proceedings of the County Commissioners of Aroostook, laying out a road through townships Nos. 14 and 15 in range 6.

The case was submitted to the full Court upon a copy of the record of the proceedings of the County Commissioners, in laying out and establishing the road, the Court to make such disposition of the matter as the law requires.

The following are copies of such parts of the petition for *certiorari*, and of the proceedings of the Commissioners, as are necessary to understand the determination of the Court.

" To the Hon. Justices of the Supreme Judicial Court :—

" Respectfully represent, Thomas Howe of Dorchester, in the Commonwealth of Massachusetts, Cyrus S. Clark, William H. McCrillis and George K. Jewett, all of Bangor, in the county of Penobscot and State of Maine, and Edward D.

Jewett of St. Johns, in the Province of New Brunswick, that, at the July term of the Court of County Commissioners for Aroostook county, A. D. 1851, one John F. H. Hall and nine others, all inhabitants of said county of Aroostook, entered their petition, in which they represented "that the road then traveled, from township No. 11, range 5, was inconvenient to travelers and expensive to make and maintain," and asked said Court of County Commissioners "to survey said road, commencing at the south line of township No. 11, range 5, where it crosses the State road, and thence continuing north, on or near said State road," through townships No. 11, range 5, No. 12, range 5, No. 12, range 6, No. 13, range 6, No. 14, range 6, No. 15, range 6, No. 15, range 7, No. 16, range 7, No. 17, range 7, No. 18, range 7, to Fort Kent, and lay out and locate a county road on said route; and thereupon, at said term of the County Commissioners for said Aroostook county, it was ordered that the said petitioners give notice to all persons and corporations interested, that the County Commissioners will meet at the house of George W. Smith, in township No. 11, range 5, on Tuesday the 7th day of October next, at 10 o'clock, A. M., and thence proceed to view the route mentioned in said petition, immediately after which view, a hearing of the parties will be had at some convenient place in the vicinity, and such further measures taken in the premises as the Commissioners shall judge proper. And that said notice be given by publishing an attested copy of the petition and this order thereon, six weeks successively in the Age, a newspaper published by the printer to the State, the last publication to be at least thirty days before the time of said meeting and view, that all persons may appear and be heard if they think fit." Said petition was thence continued from term to term of said Court to the January term, A. D. 1852, when said Commissioners of said Court made their return and report as follows:—

"Pursuant to an order of notice issued by the Court of County Commissioners for the county of Aroostook, at their July term, A. D. 1851, on the petition of John F. H. Hall &

als., we, the undersigned, Commissioners for the said county of Aroostook, met at the house of G. W. Smith, in No. 11, range 5, of townships W. E. L. S. on Tuesday, the seventh day of October, 1851, at ten o'clock A. M., and proof appearing that due notice had been given as aforesaid, and having viewed the route proposed, and heard the several parties and their proofs and allegations in favor of and against the same, are of opinion that the prayer of said petitioners ought to be granted, and we have accordingly laid out and located a highway or county road, according to the following courses and distances, as follows, viz. :—Beginning on the south line of No. 11, range 5, of townships W. E. L. S. in the centre of the State road, as now traveled, from Masardis to No. 11, about six rods from the north end of the bridge across the Squaw pond stream, so called." The report of said Commissioners then describes their location of said road, by courses and distances, and the townships through which they have laid it out, among other townships, through those numbered 15, range 6, and the 14th, range 6, of townships west from the east line of the State, to the new bridge built by the State across Fish river, near its junction with St. Johns river." The Commissioners, in their report, further state " that, believing no persons to be injured by the laying out of said highway or county road, or liable to be injured thereby, they have not awarded damages to any one;" and "that the opening and making of said county road shall be at the expense of the several owners of the tracts; that the lands over which said road passes, and other lands liable by law to be taxed for opening and making the same, are, or will be, enhanced in value to the amount of the expense of opening and making said road; that the term of twelve months from the time when all proceedings shall have been closed on the original petition, on which these proceedings are founded, is given the owners of the land, over which the road passes, to remove the timber from said lands, and the term of twelve months from the expiration of said twelve months, is given to said owners to open and make the same passable." This report and re-

turn thus made by the Commissioners, and by them signed, was made to said Court of County Commissioners, at their January term, A. D. 1852, and accepted by said Court at said term and recorded, and at the January term, A. D. 1853, of said Court, all proceedings were closed in said Court, as appears by the record.

"And your petitioners say that they are owners of tracts of land, through which said road was thus laid out by said Commissioners, namely, Thomas Howe, Cyrus S. Clark, William H. McCrillis, are owners of west half of township 15, range 6, and George K. Jewett and Edward D. Jewett are owners of said township 14, range 6.

"Your petitioners would represent to your honors that the proceedings had upon said petition were not according to the provisions of the statutes for laying out and locating public highways, and were defective by reason of the following errors; to wit:—

"1st. The Commissioners did not cause notice of the time and place of their meeting to view the premises, to be posted up in three public places in each town through which said route was laid out, or to be served on the clerk of such towns, or to be published in any newspaper in said Aroostook county, and it did not appear by the record that there was no newspaper published in said county.

"2. No personal notice was given or ordered to be given to the owners of the land over which said highway was proposed to be located, of the pendency of the petition and the time and place appointed to consider and adjudicate thereon, by service on said owners of attested copies of the petition and Commissioners' order thereon, fourteen days or more before the time appointed; nor does it appear that the owners of the townships and tracts of land through which said route was laid out, were unknown.

"3d. No notice was ordered to be given, or was given, of the time and place at which parties might be heard in opposition to said petition and road, or of the time and place to consider and adjudicate upon the said petition; nor was any

such place appointed by the Commissioners; nor does it appear at what time or place the hearing was had.

"4th. It does not appear by the record that notice was given of the petition and order thereon, by publishing them in the State paper.

"5th. Said County Commissioners did not order at whose expense so much of said road as is laid out through said township, numbered 15, range 6, shall be made, and did not order whether at the expense of the proprietors of said township or of the county of Aroostook, or partly at the expense of each.

"6th. Said County Commissioners did order that said township 15, range 6, should bear part of the expense of opening and making said highway through other townships and tracts.

"7th. Said Commissioners did not decide whether, in their opinion, said township numbered 15, range 6, would be enhanced in value by said highway. The same errors as the last three, Nos. 5, 6, 7, exist in the proceedings of said Commissioners in regard to township numbered 14, range 6.

"8th. Said County Commissioners did not assess upon each tract, which they considered to be enhanced in value, such sum as in their opinion would be proportionate to the value and benefits likely to result from the establishment of said road.

"9th. If any hearing was had before the Commissioners, it was before the time of the view and not after, at the house of G. W. Smith, No. 11, and not at some convenient place in the vicinity.

"And your petitioners further say, that notwithstanding the insufficiency of the proceedings of said County Commissioners on said petition, and the errors in the order of notice and report, taxes have been assessed on said tracts of land, of which your petitioners are owners, for the laying out and making said highway; and that said tracts are liable to be sold therefor, unless your petitioners pay for the laying out and making said highway; and that the acts and doings of said Commissioners in the premises are contrary to law and to the great injury of your petitioners.

" Wherefore your petitioners pray your honors that you will grant and issue a writ of *certiorari* commanding the said County Commissioners to certify to this Court the records and proceedings aforesaid, to the end that the same may be quashed, and to grant unto your petitioners such other or different relief as justice and law may require.

" Thomas Howe & others."

· Petition of John F. H. Hall and others for location of a county road in township No. 11, range 5, to Fort Kent.

" To the Court of County Commissioners to be holden at Houlton, within and for the county of Aroostook, July term, A. D. 1851.

" We the undersigned, inhabitants of the county of Aroostook, would respectfully represent that the road now traveled from township No. 11, range 5, is in many places inconvenient to persons traveling, and expensive to make and maintain. Wherefore your petitioners would ask that your honors would survey said route, commencing at the south line of township No. 11, range 5, where it crosses the State road, and thence continuing north, on or near said State road, through townships No. 11, range 5, No. 12, range 5, No. 12, range 6, No. 13, range 6, No. 14, range 6, No. 15, range 6, No. 15, range 7, No. 16, range 7, No. 17, range 7, No. 18, range 7, to Fort Kent; and lay out and locate a county road on said route.

" As in duty bound will ever pray.

" John F. H. Hall, and 9 others."

"STATE OF MAINE.

" AROOSTOOK, ss.                " Court of County Commissioners,
July Term, A. D. 1851.

" On the foregoing petition, ordered, that the petitioners give notice to all persons and corporations interested, that the County Commissioners will meet at the house of George W. Smith, in township No. 11, range 5, on Tuesday, the seventh day of October next, at 10 o'clock, A. M., and thence proceed to view the route mentioned in said petition; immediately after which view, a hearing of the parties will be had

at some convenient place in the vicinity, and such further measures taken in the premises as the Commissioners shall judge proper. And that said notice be given by publishing an attested copy of the petition and this order thereon, six weeks successively in the Age, a newspaper published by the printer to the State, the last publication to be at least thirty days before the time of said meeting and view, that all persons may appear and be heard if they think fit.

"Attest, B. L. Staples, *Clerk.*"

"*January Term,* 1852.

" And the same was thence continued from term to term, to this term, and now the Commissioners make return and report in words and figures as follows; viz: —

"Pursuant to an order of notice issued by the Court of County Commissioners for the county of Aroostook, at their July term, A. D. 1851, on the petition of John F. H. Hall & als., we the undersigned, Commissioners for the said county of Aroostook, met at the house of G. W. Smith, in No. 11, range 5, of townships west from east line of State, on Tuesday the 7th day of October, 1851, at 10 o'clock, A. M., and proof appearing that due notice had been given as aforesaid, and having viewed the route proposed, and heard the several parties and their proofs and allegations in favor of and against the same, are of opinion that the prayer of said petitioners ought to be granted. And we have accordingly laid out and located a highway or county road according to the following courses and distances, as follows: viz." [Here follow the courses and distances.]

" And believing no persons to be injured by the location and laying out of said highway or county road, or liable to be injured by the opening of the same, we have not awarded damages to any one.

" And we would also report that the opening and making of said county road shall be at the expense of the several owners of the tracts, townships or plantations over which said highway or county road is thus located or laid out. And we would further report that the lands over which said road

passes, and other lands liable by law to be taxed for opening and making the same, are or will be enhanced in value to the amount of the expense of making and opening said road. And the term of twelve months, from the time when all proceedings shall have been closed on the original petition upon which these proceedings are founded, is given the owners of the lands over which said road passes, to remove the timber from said lands, and the term of twelve months, from the expiration of said twelve months, is given to the owners of the lands over which said road passes, to open and make the same passable.

" And we now hereby report such location and laying out, together with the boundaries and admeasurements of the same, to the Court of County Commissioners, at their January term, 1852, for their acceptance.

> " Joel Wellington,  ⎫  *County*
> " J. Trueworthy,   ⎬  *Commissioners.*"
> " Milo Walton,     ⎭

" Which return and report, being read and not contested, is now accepted, and said petition is now continued agreeably to statute provisions.

> "Attest, B. L. Staples, *Clerk.*"

*" January Term,* 1853.

" Petition of John F. H. Hall & als., for road from No. 11, range 5, to Fort Kent.

" This petition was entered at the July term, 1851, at which time notice of a view and hearing of the parties was ordered, and the same was thence continued from term to term to the January term, A. D. 1852, when the Commissioners made return thereon, and caused the same to be recorded on page 358, vol. 1st. And the same was thence continued agreeably to statute provision, from term to term, to this term, and now all proceedings on this petition are closed.

> " Attest, B. L. Staples, *Clerk.*

" A true copy of record,—Attest,

> "B. L. Staples, *Clerk.*"

*Rowe & Bartlett*, for petitioners.

It does not appear from the proceedings whether the tracts described are organized plantations, or not:—

No. 1, of the errors assigned shows fatal errors in the proceedings, if they are such. R. S., 1841, c. 25, §§ 2 and 3. The other errors assigned regard them as unorganized lands.

No. 2. R. S. of 1841, c. 196, § 1, p. 778, required personal notice to the owners, if known.

It is not alleged in the petition, nor is it stated in the record, that the owners were unknown; and until that fact judicially appears, notice by publication is not authorized or sufficient.

No. 3. The notice was, that the Commissioners would meet on Oct. 7th at Smith's house, and thence proceed to view, immediately after which view, a hearing would be had at some convenient place in the vicinity.

When they would proceed to view, when the view, extending over a route of more than 60 miles, would be terminated, and at which of the convenient places in the vicinity the Commissioners would be found, is left entirely uncertain. *Ware, petitioner,* v. *Penobscot County Commissioners,* 38 Maine, 494.

No. 4. The record recites that the Commissioners met at Smith's, and, "proof appearing that due notice had been given as aforesaid," they proceeded to adjudicate, &c. It does not appear that the Commissioners found that notice had been given, that the proof offered on that point was satisfactory, or that the "due notice," of which proof was offered, was in accordance with their order. The record should show that it did appear that the notice ordered had been given.

Nos. 5 & 6. R. S., 1841, c. 25, § 44, provides that when a road is laid out through an unincorporated township, that the same shall be made at the expense of the proprietors of such township or of the county, or partly of each, as said Court of Commissioners shall order; and that all the proprietors of such township shall be held to pay according to their interest; that is, that the road through No. 15, range 6, shall be built wholly, or in part, by the proprietors of that township, each

paying proportionately to his interest in said township; and, if not wholly at the expense of such proprietors, then, in whole or in part at the expense of the county of Aroostook.

The Commissioners made no such order; but, instead of that, ordered that the expense of making the road in No. 15, range 6, should be borne by all those who own in any of the 10 townships named in the petition; and that such expense should be borne by such owners equally, and not in proportion to their several interests. Thus compelling the owners of No. 15, range 6, to expend a sum different from what it would cost to make the road in said township, and perhaps a much greater sum; and severally to expend a sum different from the relative proportions of their land; and requiring them to expend money for building a road off their own territory. *Pingree* v. *Penobscot County Commissioners*, 30 Maine, 351.

Nos. 7 & 8. R. S., 1841, c. 25, § 47, requires that the Commissioners shall decide whether, in their opinion, each tract, through which the road runs, will be enhanced in value.

The Commissioners have here reported that "the lands over which the road passes, and other lands, liable by law to be taxed for opening and making the same," will be enhanced to an amount equal to the expense of the road.

That may be true, and it be equally true that townships No. 15, range 6, and No. 14, range 6, would neither of them be enhanced in value.

The same section seems to require that they shall assess upon each tract such sum as, in their judgment, will be equal to the enhanced value. They did not assess *any* sum. *Pingree* v. *Penobscot County Commissioners*, 30 Maine, 351.

No. 9. The report shows that the Commissioners adjudicated upon the subject matter, at Smith's house, on Tuesday, October 7, 1851, and then and there laid out and located said highway. There clearly was no hearing at any other time or place, nor *after said view,* unless said view had been had prior to that date.

*Blake & Garnsey,* for respondents.

The petition alleges nine errors.

I. To the first we say, that these proceedings were had under that portion of c. 25, R. S., 1841, § § 44 to 56, relating to the location, &c., of ways in *unincorporated* places, and c. 196, § 1, of Laws of 1841, which do not require that notice be given by posting in each town, &c., or by publication in some newspaper in said county. It is sufficient that the petition to, and order of the County Commissioners, be published six weeks in the State paper, (c. 196, § 1, Laws, 1841,) as appears to have been done in the present case.

The Court will judicially take notice that townships 15, range 6, and 14, range 6, are not incorporated towns. 1 Greenl. Ev. c. 2, § 6. And, if they would not, the maxim *omnia praesumuntur legitime facta donec probitur in contrarium,* would seem to have a special application, and the burden be thrown upon the petitioners. Were any portion of said highway laid out through *incorporated* places, would they not have shown it, or at least so claimed in their petition? There is no proof, no allegation, even, of incorporation.

The second objection resolves itself into this, that the record does not state the fact that the owners of the land, over which the route lay, were unknown. As we have before seen, if the owners were unknown, the notice was sufficient. Is it necessary that the record should state that fact? The record of the County Commissioners is amendable at any time, according to the facts, and it is competent for them, at this time, to come in and make it conformable thereto. This objection is purely technical and does not go to the merits of the case at all. In *Inhabitants of Vassalboro', petitioners,* 19 Maine, 340, the first objection raised was, that the record ought to show the mode and manner of notice, but the Court refused their petition. *Taylor* v. *Hamden County Comm'rs,* 18 Pick. 309; *Berwick* v. *York County Comm'rs,* 25 Maine, 69.

But the record finds an appearance and hearing "of the

several parties, their proofs and allegations in favor of, and against," &c.   The petition does not deny that the petitioners had actual notice, nor aver that they were not present at the hearing, or duly represented.   And, if present, surely it is too late, at this stage, to object to the insufficiency of notice.   *Sumner* v. *Oxford*, 37 Maine, 119.   In support of the objection, the Court will not presume any thing in favor of the petitioners, in the face of the record that they were heard.

To the *third* objection, we say answer has been sufficiently made in our answer to the *second*.   But it is not sustained by the record on its face, which particularly names the time, (Tuesday, Oct. 7th, at 10 o'clock,) the place, (house of Smith,) and the fact of the hearing and adjudication of the Commissioners, and decree that the prayer of petitioners be granted.

To the *fourth*, we answer that the petition to County Commissioners, their order of notice thereon, and their further record, that " notice appeared to have been given as aforesaid," viz., as ordered, are to be taken together and properly connected, and thus constitute their record.   *Berwick* v. *York County Comm'rs*, 25 Maine, 73.

Thus considered, they show that the notice in State paper was given.

To the *fifth*, the answer is the language of the record, " that the opening and making of said county road shall be at the expense of the several owners of the tracts, townships, &c., over which said highway or county road is thus located or laid out."   The meaning of this is obvious, that each owner shall bear the expense of building the road over his own land, and no other.   It was unnecessary to state it more definitely.

To the *sixth*, we make the answer in the answer to the fifth, that to hold as alleged by the petitioners, is to subject the language of the record to a forced and unnatural construction, never intended by the Commissioners.

To the *seventh*, the record states that the land over which said road passes will be enhanced in value to the amount of the expense, &c.   It was not necessary to state how much each tract specifically would be enhanced.   If so, not only

how much No. 14, range 6, but how much each and every other parcel, large or small, is enhanced, must be specified. The record shows a sufficient compliance.

Objection *eighth* is founded upon an alleged non-compliance with the requirements of section 47 of chapter 25 aforesaid, which provides that the Commissioners may assess such sum as shall be *proportionate* to the value, &c., to result to the land from the road.

Taking this section in connection with section 48, following, it does not seem to have been the intention of the law to require specific assessments, before a way can be said to have been laid out. But merely that it be determined what *proportionate part* of the expense of the road is to be borne by the several tracts. In the case at bar it was found that each tract should pay the whole expense of the road through it, respectively. This is a plain designation of the amount of the incumbrance each tract is subject to in this behalf, which, to us, seems to have been all that section (47) was intended to require.

We are confirmed in this view by section 48, which goes on to provide, that "*thereupon,* (i. e. after proceedings before required,) the County Commissioners *shall cause an assessment* to be made." In any other light, section 48 is mere surplusage. *Pingree* v. *Penobscot County Commissioners*, 30 Maine, 351, which might seem to conflict with this view, will, on examination, be found rather to support it (2d ¶, p. 353, opinion.)

The 9th error is answered by the record itself, which says, "having viewed the route proposed and heard the several parties," &c. The Court will not presume these acts to have taken place in an order the reverse of that stated.

We further say, that the provisions of section 3, as to any view, apply solely to ways through incorporated places.

II. The application for *certiorari* is addressed purely to the discretion of the Court, and does not follow for merely technical error, and where the parties petitioners have suffered no essential injury. *Cushing* v. *Gay*, 23 Maine, 9; *Berwick*

v. *York County Comm'rs*, 25 Maine, 73; *Inhabitants of West Bath, petitioners*, 36 Maine, 74; *Rutland* v. *Worcester County Comm'rs*, 20 Pick. 71.

This case is submitted on the record; no proof of any injustice or injury is offered. The petitioners fail to bring themselves within the rule for the exercise of discretion by the Court. Had they no interest, the Court would not entertain the petition. *Turnpike* v. *Magoon*, 8 Maine, 292; *Harkness* v. *Waldo County Comm'rs*, 26 Maine, 353.

Without proof of injury, these petitioners are in no better position, and with the presumption that their rights are unprejudiced.

III. Proceedings in laying out this road were closed at the January term, 1853, of the Commissioners. After a lapse of more than *four years*, this petition was first entered, at Bangor, to wit, July 10, 1857.

In the exercise of their discretion, the Court will regard all the circumstances of the case; the length of time which has elapsed, the probable changes in the state of things, and the consequences of their action generally, not only as regards the rights of the petitioners, but of third parties. Errors that, if seasonably taken advantage of, might have been sufficient, will not be regarded, after so long neglect on the part of the petitioners. If they suffer, it is the consequence of their own *laches*. The Court will not inflict ruinous and mischievous results upon others, for the correction of an error, which, if taken seasonably, could have been corrected without injury to any one. *Rutland* v. *Worcester County Comm'rs*, 20 Pick. 71; *Hancock* v. *Boston*, 1 Met. 122; *Whately* v. *Franklin County Comm'rs*, 1 Met. 338; *Holden* v. *Berkshire*, 7 Met. 560.

*Rowe & Bartlett*, in reply.

The record does not show that the petitioners for *certiorari* were present at the hearing. The record does not state who the parties present were; and the argument is that the parties were unknown. Nor is it stated that the parties were

heard at the time and place named in the notice for the hearing; but that some parties, who happened to be present at Smith's, on October 7th, were heard prior to the view. It not being denied, but conceded, that the petitioners own the land, as alleged, the law infers an injury to them, from an illegal adjudication as to them, in imposing burdens on their land.

The opinion of the Court was delivered by

DAVIS, J.—The record in this case is brought before us by the parties, and submitted by agreement. The objections stated in the 5th, 6th, 7th, and 8th errors assigned, are well taken. *Pingree's case*, 30 Maine, 351.

*Writ granted.*

TENNEY, C. J., and APPLETON, CUTTING, MAY, and KENT, J. J., concurred.